[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CT Page 17092
Plaintiff Windsor Locks Associates, a Connecticut limited partnership, appeals a decision of the defendant planning and zoning commission of the town of Windsor Locks approving a site plan for property owned by defendant PRF of Connecticut, Inc. at 3 Ella T. Grasso Turnpike in the town. The commission acted pursuant to Conn.Gen.Stats. sec. 8-3. The plaintiff appeals pursuant to Conn.Gen.Stats. sec. 8-6. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are reflected in the record and in admissions contained in the parties' memoranda of law submitted in this appeal. The property in question is located in a Business 1 zone, as defined in the commission's regulations. Defendants PRF of Connecticut, Inc. and Windsor Locks Suites LLC applied to the commission in 1999 for approval of a site plan for the property. The application proposed moving the location of an existing outdoor valet parking lot to the rear of the property and the construction of a hotel where the parking lot had been. The plan called for continuing the operation of the valet parking lot along with the operation of the hotel. A valet parking lot, also known popularly as "park and fly" or "park, ride and fly" lots (hence, PRF) provide parking and transportation to and from the airport for customers who need to park their vehicles for extended periods of time while traveling. Such a lot is not an accessory to a hotel or other business, but rather is a stand-alone business.
The commission approved the defendants' site plan application in December 1999, but the plaintiff's appeal of that decision was sustained by this court (Rittenband, J.) on May 15, 2000, on the basis that notice of the commission's decision was defective. On May 31, 2000, the defendants submitted a new application for approval of essentially the same plan. The commission did not publish notice of its consideration of the new application, nor did it hold a public hearing. The commission did consider the application at its public meetings, however, and, on August 14, 2000, the commission approved the application. It is this decision approving the defendants' second site plan application which is the subject of this appeal.
Based on evidence adduced at the hearing on this appeal, the court finds that the plaintiff owns property contiguous to the property that is the subject of this appeal. It is, therefore, statutorily aggrieved by the decision and has standing to appeal. Conn.Gen.Stats. sec. 8-8.
In its brief filed in this appeal, the plaintiff advances essentially CT Page 17093 four arguments: 1) that the commission's failure to hold a public hearing on the application was in error; 2) that the proposed valet parking lot is an illegal nonconforming use; 3) that the street frontage of the lot is insufficient for a Business 1 zone; and 4) that the regulations do not permit two unrelated business uses on a single lot. The court agrees with the plaintiff that the operation of a valet, fly and drive parking lot on the property in question is an illegal nonconforming use, and the commission had no authority, therefore, to approve a site plan for the continuance of such use.
A basic principle of administrative law is that the scope of the court's review of a decision by an administrative agency, such as the commission, is very limited. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations omitted; internal quotation marks omitted.) CadlerockProperties Joint Venture, L.P. v. Commissioner of Env. Protection,253 Conn. 661, 676, 757 A.2d 1 (2000). "[T]he reviewing court must sustain the agency's determination if an examination of the record discloses (substantial) evidence that support any one of the reasons given." Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587 (1993). The converse of these familiar principles is that an administrative agency's decision that is not supported by substantial evidence may not be sustained.
The court has examined the commission's regulations promulgated in 1976, 1987, 1990, 1993, and 1998, as they pertain to uses permitted in a Business 1 zone, which are included in the record. None of these regulations permits the operation of a valet, park and fly parking lot in that zone. A use that does not conform to the applicable zoning regulations may be continued only if the use pre-existed the adoption of the regulations. Karls v. Alexandra Realty Corporation, 179 Conn. 390,398 (1980). The underlying premise adopted by the commission in approving the defendants' site plan for the continuance of a park and fly lot was that the use of the property for such a lot is a legal nonconforming use. Indeed, the defendants, including the commission, argue precisely that premise in their briefs on appeal and in oral argument to the court. In order to sustain the commission's decision, therefore, the court must find that there is substantial evidence in the record showing that the property was used for a park and fly lot prior to the promulgation of any regulations prohibiting such use. The court has reviewed the record and finds no such evidence. CT Page 17094
There is nothing in the record to indicate that use of the property for valet parking pre-existed the 1976 regulations or that such a use was ever authorized by regulation or by variance. The court's review of the record reveals that a prior owner of the property applied in 1982 for approval of a site plan and building permit for use of the property as accessory parking for the adjacent Ramada Inn, not valet, park and fly parking. Accessory parking for a hotel was then allowable by special permit from the commission, and the commission duly approved the application for a permit authorizing a parking lot for the "public, banquets, functions, and employees." The record does not conclusively reveal when the valet parking use of the property commenced, but it was plainly sometime subsequent to 1982. The only indication of a time frame appears in a copy of a notification of appeal from defendant PRF's former counsel to the Windsor Locks zoning board of appeals dated April 20, 1995, which is attached as an exhibit to PRF's brief in this case. In that document, PRF's counsel states that PRF commenced a valet parking operation on the property on April 1, 1987. At that time, as noted, such use was prohibited by the applicable regulations.
The defendants do not point to any evidence in the record to support their contention that the valet parking is a legal nonconforming use. They argue, rather, that the plaintiff is precluded from raising the issue on grounds of collateral estoppel, citing Northeast Parking, Inc.v. Zoning Board of Appeals of Windsor Locks, No. CV 95 046 91 43, Superior Court, judicial district of Hartford/New Britain at New Britain (July 8, 1996, Holzberg, J.); and Carothers v. Capozziello, 215 Conn. 82
(1990).
In Northeast Parking, Inc. v. ZBA, supra, the named plaintiff was appealing a decision of the Windsor Locks zoning board of appeals, which had reversed an order of the Windsor Locks zoning enforcement officer requiring PRY to cease the operation of the valet parking business on the property. The basis of the board's decision was that the ZEO had erroneously determined that the operation of the business as a legal nonconforming use had terminated and could not be recommenced. PRF was a party at the board proceedings and was a defendant in the Superior Court appeal, along with the board. Windsor Locks Associates, the plaintiff in this case, was not a party at either the board proceedings or the Superior Court appeal in that case. The issue before the court in theNortheast Parking, Inc. v. ZBA appeal arose on a motion to dismiss and was limited to whether plaintiff Northeast Parking, Inc. proved that it was legally aggrieved by the board's decision. The court held that the plaintiff was neither statutorily nor classically aggrieved and, therefore, granted the defendants' motion to dismiss. In so doing, the court noted that Northeast Parking, Inc. and PRF "are considered to be CT Page 17095 nonconforming users," but that issue was not litigated and it played no significant role in the court's decision on the motion to dismiss.
"As a general proposition, the governing principle is that administrative adjudications have a preclusive effect when the parties have had an adequate opportunity to litigate. . . . [A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court. . . . "Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." (Citations and internal quotation marks omitted.) Carothers v. Capozziello, supra, 215 Conn. 94-95.
Applying these principles to the facts of the present case, it is clear that plaintiff Windsor Locks Associates, in this appeal, is not precluded from raising the issue of defendant PRF's right to continue the use of the property for valet parking as a nonconforming use. Although the zoning board of appeals did determine that PRF's valet parking business was a legal nonconforming use in the other proceeding, Windsor Locks Associates was not a party to that proceeding. Nor was it a party in the appeal of the board's decision, which was dismissed by this court inNortheast Parking, Inc. v. ZBA. Furthermore, as noted, the court in that case did not determine the issue before the court in this case.
In summary, the court concludes on the basis of its review of the record that there is insufficient evidence to support the commission's finding that the use of the property for valet parking is a legal nonconforming use. That is to say, there was insufficient evidence to support a finding that the use of the property for valet parking predated regulations prohibiting such use. The commission thus had no authority to approve defendant PRF's site plan, which proposes the continuation of an illegal use.
The court's findings and conclusion with respect to the nonconforming use issue makes it unnecessary to consider the plaintiff's remaining contentions.
The appeal is sustained.
Maloney, J.